CHARLES B. PERKINS #126942
  cbperk@earthlink.net
SUSAN D. PELMULDER #234731
  sue@pelmulder.com
ROSE PERKINS PELMULDER
59 North Santa Cruz Avenue, Suite Q
Los Gatos, California 95030
(408) 399 – 4566 telephone
(408) 399 – 6683 facsimile

Attorney for Plaintiff
DANIEL LANDECK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DANIEL LANDECK,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendant. | Case No.  17-cv-3157<br><br>COMPLAINT FOR DAMAGES<br>*(29 U.S.C. §1132 (a)(1)(B))* |

Plaintiff Daniel Landeck alleges:

1. Landeck obtained the long-term disability coverage at issue while he lived and worked in San Francisco County, in the above-captioned judicial district. He currently resides in San Francisco County.

2. Unum Life Insurance Company of America ("Unum") is a corporation organized and existing under and by virtue of the laws of the State of Maine, and is an insurance company duly authorized to transact the business of insurance in the State of California.

3. The Socionext America, Inc. ("Socionext") Short Term Disability Plan ("STD

Plan") and Long Term Disability Plan ("LTD Plan") are part of an employee benefit plan established pursuant to The Employee Retirement Income Security Act of 1974, *29 U.S.C. §1001, et seq.* ("ERISA").

4. Short term disability benefits provided pursuant to the STD Plan are insured by Unum under Policy No. 142058 ("the STD policy"). Decisions respecting payment of short term disability benefits due under the STD Plan and responses to appeals of denials of short term disability benefits are made by Unum, which is the claims administrator for the STD Plan, and which pays the claims.

5. Long term disability benefits provided pursuant to the LTD Plan are insured by Unum under Policy No. 565404 004 ("the LTD policy"). Decisions respecting payment of long term disability benefits due under the LTD Plan and responses to appeals of denials of long term disability benefits are made by Unum, which is the claims administrator for the LTD Plan, and which pays the claims.

6. The STD Plan and the LTD Plan provide benefits to Plan beneficiaries in the above-captioned judicial district.

7. Venue is proper as Defendant may be found in this district, and as Landeck became insured under the plan as part of his employment located in San Francisco County.

8. This court has original jurisdiction of this matter under *29 U.S.C. §1132(e)* as an action brought pursuant to *29 U.S.C. §1132(a)(1)(B)*.

9. Landeck is a 61 year old man who started his career in marketing in the early 1980s. He became an employee of Fujitsu Semiconductor of America, Inc. ("Fujitsu") in 1984.

10. The division of Fujitsu in which Landeck was employed became Socionext on March 1, 2015.

11. As an employee of Fujitsu, and then as an employee of Socionext, Landeck was a beneficiary of the STD Plan and the LTD Plan.

12. The STD Plan provides for the payment of benefits under the STD Policy if beneficiaries become disabled, defined in relevant part as follows:

> You are disabled when Unum determines that:

- You are **Limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and
- you have a 20% or more loss in weekly earnings due to the same sickness or injury.

11. The STD Policy has an elimination period of 6 days and a maximum benefit period of 180 days.

12. The STD Policy provides benefits based on 66.6667% of the beneficiary's weekly earnings, subject to reduction by deductible sources of income.

13. The LTD Plan option Landeck selected provides for the payment of benefits under the LTD Policy if plan beneficiaries become disabled, defined in relevant part as follows:

You are disabled when Unum determines that:

- You are **Limited** from performing the **material and substantial duties** of your **regular occupation** due to your **sickness** or **injury**; and
- you have a 20% or more loss in weekly earnings due to the same sickness or injury.
- After 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any **gainful occupation** for which you are reasonably fitted by education, training or experience.

14. The LTD Policy provides benefits based on 60% of the beneficiary's monthly earnings, subject to reduction for other sources of disability income, as defined in the LTD Policy.

15. In 2015, prior to June 21, 2015, Landeck was employed by Socionext as the Marketing Director. In his position, he was responsible for a revenue stream exceeding seventy million dollars a year.

16. Prior to June 21, 2015, Landeck was in good health.

17. On June 21, 2015, Landeck was hit over the head with a heavy object during a mugging on Market Street in San Francisco. He was waiting for a bus on Market Street after shopping at a Safeway store, when he was attacked. He has only a vague memory of being aggressively approached by somebody, and then, his next memory is in the Emergency Room

about four hours later. Landeck suffered a head injury with a bleeding wound that was closed with staples.

18.  Landeck tried to ignore his head injury and resume his normal life. However, he had problems at work and at home. He had trouble with concentration, made public mistakes during meetings, and was unable to respond to questions. At home, he would forget things and had problems with calculations. His wife told him that he should see a doctor.

19.  In the Fall of 2015, after attending several meetings where Mr. Landeck had problems while making presentations, a co-worker, Cindy Booth, spoke to him and suggested that he should talk to his doctor.

20.  On November 5, 2015, Landeck met with his regular doctor, Indergeet Uppal, M.D. He discussed the difficulties he was having at home and work, but did not think to mention his head injury. Dr. Uppal diagnosed anxiety and depression, and told Landeck that he should see a psychiatrist and take time off work.

21.  On November 5, 2015, Landeck met with Andrew Abarbanel, M.D., a psychiatrist. His assessment was that Landeck was having a depressive episode and should take time off work.

22.  Landeck made a claim for short term disability benefits under the STD Policy.

23.  By letter dated February 29, 2016, Unum approved Landeck's short term disability claim for the period November 5 through December 30, 2015.

24.  During Landeck's March 11, 2016 treatment session, he mentioned his June 2015 head injury to Dr. Abarbanel. This was the first time he had told Dr. Abarbanel about the head injury. Dr. Abarbanel was concerned about whether Landeck had suffered a traumatic brain injury.

25.  By letter dated April 12, 2016, Unum denied Landeck's claim for benefits beyond December 30, 2015, alleging a lack of information.

26.  On April 18, 2016. Landeck met with a neurologist, Dr. Chen, who found that Landeck had concentration and memory problems.

27.  Landeck and Dr. Abarbanel sent additional information, but Unum reaffirmed

its denial of the claim by letters dated May 5 and 27, 2016.

28. On August 18, 2016, Landeck was evaluated by James A Moses, Jr., Ph.D., ABPP, a neuropsychologist.

29. Dr. Moses' testing identified that Landeck suffers from a number of cognitive deficits and symptoms that are classically associated with the after effects of a frontal lobe injury following head trauma. Dr. Moses found that Landeck's cognitive deficits and symptoms were incompatible with the ability to perform his professional duties.

30. On October 1, 2016, Dr. Abarbanel wrote a letter explaining that Landeck's symptoms are classically associated with the after effects of frontal lobe injuries following head traumas. His opinion is that Mr. Landeck has been continuously disabled since November 5, 2015.

31. By letter dated October 7, 2016, Landeck appealed from the denial of his claim.

32. Landeck's appeal was supported by the report and records of Dr. Abarbanel, the neuropsychological evaluation of Dr. Moses, San Francisco Police Department records, San Francisco General Hospital Emergency Room records, records of Dr. Uppal, records of Dr. Chen, statements of Landeck, his wife, and Cindy Diep-Booth, and a photo of Landeck's head injury.

33. Landeck's October 7, 2016 appeal stated that, in addition to appealing the denial of his STD claim, he was making a claim for LTD benefits.

34. In response to Landeck's appeal, Unum had Landeck's file reviewed by its employees, including Jana Zimmerman, PhD, and Peter Brown, MD.

35. Dr. Zimmerman and Dr. Brown review short term and long term disability claims and appeals for Unum.

36. Dr. Zimmerman acknowledged that Landeck passed the validity testing administered by Dr. Moses, but disputed the validity of the other test results.

37. Dr. Brown contended that Landeck's medical records did not support that Landeck had impairments precluding full time activity.

38. By letter dated November 29, 2016, Unum provided copies of Dr.

Zimmerman's and Dr. Brown's reports to Landeck's counsel.

39. Landeck's counsel provided a response to Unum dated January 27, 2017, including the following additional evidence: letter from James A. Moses, Jr., Ph.D., ABPP, December 29, 2016; Chapter 10, "Persisting Effects of Concussion on Attention and Cognition," excerpted from Mild Head Injury, edited by Levin, et al., Oxford University Press, 1989; Chapter 16, "Management of Disability and Rehabilitation Services after Mild Head Injury," excerpted from Mild Head Injury, edited by Levin, et al., Oxford University Press, 1989; office visit note, Arthur W. Douville, M.D., January 4, 2017; letter from Dr. Douville, January 24, 2017, with copy of abstract from J Neurol Sci. 2015; 353 (1-2):116-21. doi:10.1016/j.jns.2015.04.030. Epub 215apr27; and, letter of Andrew Abarbanel, M.D., January 10, 2017.

40. Dr. Douville is a well-qualified neurologist who finds that Mr. Landeck's complaints and neuropsychological test results provide an objective basis for disability based on the undisputed history of head injury and cerebral concussion. Landeck's development of a tremor is additional evidence of neurologic injury.

41. In his January 27, 2017 letter, Dr. Moses summarized his testing and emphasized that there is very strong evidence that Landeck's performance has declined dramatically from his premorbid level of function.

42. Dr. Moses provided Unum copies of chapters from the book *Mild Head Injury*, which focuses on the effects of mild head injury on an older brain. The chapter discussing management of disability following a head injury documents that mild head injury in older people will cause long term damage, well in excess of what would be expected in a younger person. Unum's evaluations gave no consideration to Landeck's age at the time of injury.

43. Dr. Abarbanel finds Unum's analysis to be flawed. He also discusses that Landeck's reactions of panic and disorientation are classic in patients with cognitive decline.

44. Landeck's statement summarizes his symptoms after the head injury. Contrary to Unum's theory that his problems were due to stress, he explains that, after being away from work stress for more than a year, he is still suffering from the symptoms.

45. By letter dated February 22, 2017, Unum denied Landeck's appeal, contending that he was not disabled as defined by the STD policy.

46. Unum's February 22, 2017 letter denying Landeck's appeal stated that, because he was not eligible for Short Term Disability benefits, he was also not eligible for Long Term Disability benefits.

47. Unum's February 22, 2017 letter included the following:

The following pertinent portions of a policy endorsement also apply to Mr. Landeck's claim:

ENDORSEMENT
(Endorsements may be made only by the Company at its Home Office)

Effective on January 19, 2006, the following changes are being made to your group long term disability or group short term disability California policy(ies) issued by Unum Life Insurance Company of America. In the event of conflicts between the policy language and this endorsement, the terms of this endorsement will prevail over the policy language

1. The following definition of total disability is added to the policy, and if the policy includes a definition of disability, the term.' "disability" is revised to include total disability. If the policy already contains a definition of "total disability," that definition is revised as follows. All time periods and other definitions of disability remain and will be applied consistent with the occupational criteria described in this endorsement.

You are 'totally disabled':

During any period covering a disability for your occupation, own occupation, normal occupation, regular occupation or usual occupation when a disability renders you unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation in the usual and customary way.

During any period covering a disability from any occupation, any other occupation, any gainful occupation, any other gainful occupation, reasonable occupation, or another occupation when a disability renders you unable to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation in the usual and customary way and unable to engage with reasonable continuity in another occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, physical and mental capacity

COMPLAINT FOR DAMAGES                                                          Case No. 17-cv-3157

'Substantial and material acts as used in the above definition of disability, means acts that:

- are normally required for the performance of your usual occupation or another occupation; and
- cannot be reasonably omitted or modified.

"Usual occupation" means the substantial and material acts you are routinely performing for your employer when your disability begins.

48. Unum's denial of Landeck's claim was not supported by substantial evidence.

49. Unum never had Landeck examined by a physician.

50. Unum's denial of Landeck's claim was wrongful as Landeck is disabled as defined by the Plan.

51. Unum's denial of Landeck's claim was made in bad faith.

52. As a result of the actions of Unum, acting as the Plan's Claims Administrator, Landeck has been wrongfully deprived of the short term and long term disability benefits to which he is entitled as a disabled former employee of Socionext.

53. By appealing from the denial of his claim, Landeck has exhausted the administrative remedies available to him under the Plan.

54. Landeck has performed all of the actions required of him to obtain benefits due under the Plan.

55. The Unum STD and LTD policies each have an Effective Date of January 1, 2015.

56. The Unum STD and LTD policies contain sections entitled "Discretionary Acts" which contain language purporting to grant discretionary authority to make benefit determinations to Unum.

57. The "Discretionary Acts" sections of the Unum STD and LTD policies are in conflict with California Insurance Code section 10110.6, which makes void and unenforceable "a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract or certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state."

58. By the operation of Insurance Code Section 10110.6, the Unum STD and LTD policies are amended so as not to give rise to a deferential standard of review by any reviewing court.

59. The standard of review in this case is de novo.

60. Unum is responsible for determining benefit eligibility for claims arising under the STD and LTD policies, and for paying benefits due under the STD and LTD policies.

61. If the Court finds that this case should be reviewed for abuse of discretion, the Court should conduct its review with heightened skepticism because Unum operated under an actual conflict of interest, and because it acted on that conflict of interest.

62. Landeck's benefits due under the STD Plan are about $10,141.00 per month, subject to offsets as required under the STD Plan. Benefits under the STD Plan are due from December 31, 2015 to May 9, 2016.

63. Landeck's benefits due under the LTD Plan are about $9,126.99 per month, subject to offsets as required under the LTD Plan. Benefits under the LTD Plan are due starting on May 10, 2016.

64. As the result of the actions of Unum, acting as the Plan's Claims Administrator, Landeck has been wrongfully deprived of other benefits due to him under the STD and LTD Plans as a disabled former employee of Socionext.

65. Landeck is entitled to attorneys' fees and costs pursuant to *29 U.S.C. §1132(g)(1)*.

66. Pursuant to *29 U.S.C. §1132(a)(1)(B)*, Landeck brings this action to recover benefits due to him under the terms of the STD and LTD Plans, to enforce his rights under the terms of the STD and LTD Plans, and to clarify his rights to future benefits under the terms of the STD and LTD Plans.

67. Pursuant to *29 U.S.C. §1132(a)(3)*, Landeck seeks appropriate equitable relief, including an order reinstating his disability benefits and requiring Unum to pay his benefits in the absence of clear and convincing evidence that his condition has improved.

WHEREFORE, Landeck prays judgment against Defendant, as follows:

COMPLAINT FOR DAMAGES                                         Case No. 17-cv-3157

(1) For short term disability benefits due from December 31, 2015 through May 9, 2016, at the rate of $10,141.00 per month, minus offsets as required by the policy, if any, and interest on benefits owed;

(2) For long term disability benefits due from May 10, 2016 through the date of judgment, at the rate of $9,126.99 per month, minus offsets as required by the policy, if any, and interest on benefits owed;

(3) For an order reinstating Landeck into the LTD Plan and requiring payment of future long-term disability benefits;

(4) For restoration of all associated benefits which Landeck is entitled to as a disabled employee of Socionext;

(5) For reasonable attorneys' fees and costs; and,

(6) For such other and further relief as the Court may deem just and proper.

DATE: June 1, 2017               ROSE PERKINS PELMULDER


                                 By /s/ *Charles B. Perkins*
                                     CHARLES B. PERKINS
                                     Attorney for Plaintiff
                                     DANIEL LANDECK

`